UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR ANN-MARIE DALY,<br><br>Defendant. | CASE NO. 2:23-cr-00091-TL<br><br>ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter is before the Court on Defendant Taylor Daly's Motion for Early Termination of Supervised Release. Dkt. No. 34. The Government opposes the motion (Dkt. No. 37) as does United States Probation ("USPO") (Dkt. No. 35). Having reviewed the motion, the opposition of the Government and USPO, and the relevant record, the Court DENIES Defendant's motion.

On June 2, 2022, United States District Judge David Nuffer of the United States District Court for the District of Utah sentenced Ms. Taylor to twenty-four months' custody, followed by three years' supervised release, on one count of Aggravated Identity Theft, in violation of 18

ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE – 1

U.S.C. § 1028(a)(1). Dkt. No. 2-2 at 1-2. Ms. Daly began her term of supervised release on February 23, 2023. Dkt. No. 1. Ms. Daly transferred her supervision to this District on June 7, 2023. *Id.*

Between June 13, 2023, and December 22, 2023, Ms. Daly violated her conditions of supervised release on numerous occasions. *See* Dkt. No. 6, Dkt. No. 19, Dkt. No. 21. On July 11, 2024, the USPO filed another report showing that Ms. Daly had again violated her conditions of release by failing to make any restitution payments for 120 days preceding July 1, 2024, despite being required to pay $100.00 per month. Dkt. No. 30. And just a few weeks ago on November 19, 2025, the USPO filed a report alleging two additional incidents of noncompliance: that Ms. Daly obtained a new credit card without prior approval from the PO on or about August 26, 2025, and she failed to report for her random urinalysis on October 6, 2025, because it slipped her mind. Dkt. No. 33 at 1-2. The violations alleged in the November 19, 2025, report remain pending before the Court.

Title 18, United States Code, Section 3583(e)(1) provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court acknowledges Ms. Daly has demonstrated marked progress in this past year and is sympathetic to the challenges she faces not only as a new mother but also as a person under supervision in two jurisdictions. However, given her history of violations and the fact that there are two pending unresolved alleged violations, the Court cannot find that early termination is warranted by the conduct of Ms. Daly or in the interests of justice. Further, Ms. Daly only has 80 days left on her term of supervised release. Overall, the Court agrees with the United States that continued

supervision will ensure her continued progress and will also leave in place a support network should she need it in the time remaining on her term of supervised release.

Accordingly, the Court DENIES Defendant's motion.

Dated this 4th day of December, 2025.

Tana Lin
United States District Judge

ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE – 3